# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

WILLIE WELLS                                                              PETITIONER
ADC #100985

V.                                       NO. 4:15cv00419-JTR

JOHN FELTS, Chairman
Arkansas Parole Board                                                     RESPONDENT

## MEMORANDUM AND ORDER

On July 9, 2015, Willie Wells filed this 28 U.S.C. § 2254 habeas action challenging the revocation of his parole and his resulting reincarceration. *Doc. 2*. Respondent filed a Response, asserting that, on October 16, 2015, Wells was unconditionally discharged from the Arkansas Department of Correction ("ADC"), thereby mooting his claim. *Doc. 16*. Although notified of his opportunity to reply to the mootness argument, *Doc. 17*, Wells elected not to do so.

### I. Discussion

Article III of the Constitution limits the jurisdiction of federal courts to consideration of ongoing "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. If a habeas petitioner cannot show an existing case or controversy through all the stages of his litigation, his case becomes moot, depriving the Court of its power to act.

*Spencer v. Kemna*, 523 U.S. 1, 18 (1998). An individual "who challenges a parole revocation – and who has completed any resulting reincarceration or parole term imposed – must demonstrate 'some concrete and continuing injury other than the now-ended incarceration or parole.'" *United States v. Stanko*, 762 F.3d 826, 828 (8th Cir. 2014) (quoting *Spencer*, 523 U.S. at 7).

To avoid dismissal on mootness grounds, the individual must establish "continuing collateral consequences" from the parole revocation. *Spencer*, 523 U.S. at 8. It is not enough that the revocation could be used against the individual in future parole or other criminal proceedings, or that it could be used to impeach future testimony. In addition, the inability to pursue damages for wrongful revocation, and even the state's intentional delay of habeas proceedings for the purpose of mooting a petition, are not sufficient to show a continuing injury. *Id.* at 14-18.

Wells filed this § 2254 action while incarcerated in the ADC after the state had revoked his parole. He challenges "only the wrongful termination of his parole status," not his underlying criminal convictions. *See id.* at 8. It is undisputed that he has since been unconditionally discharged from the ADC. *See Doc. 16-1 (Inmate Record Summary)*. Because Wells has not shown a continuing injury, his § 2254 action is moot.

Thus, this Court now lacks jurisdiction to consider Wells's claim, and this

habeas action must be dismissed in its entirety.

## II. Conclusion

IT IS THEREFORE ORDERED THAT this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 2*, is DENIED and this case is DISMISSED, WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED as Wells has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 14th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE